## MATTER OF POINDEXTER GALLERY

### In VISA PETITION Proceedings

### A-10383318

*Decided by Regional Commissioner July 15, 1964*

Urgent need of beneficiary's services as an artist is not established within the contemplation of section 203(a)(1), Immigration and Nationality Act, as amended, since the interest of the petitioning art gallery seems to be based solely on the speculation the beneficiary's paintings may become valuable.

This matter is before us on appeal from the decision of the District Director who denied the petition.

The petitioner is an art gallery which presents exhibitions of contemporary paintings and sculpture and sells art work on commission. The petitioner is seeking the services of the beneficiary as an artist. The petitioner would act as the beneficiary's agent, take a one-third commission on all sales and may purchase paintings directly from the beneficiary at one-half the retail price. An agreement has been signed by the beneficiary which grants the petitioner the right to first viewing of all her paintings until May 1, 1966.

The beneficiary is an unmarried 38-year-old citizen of Japan who has been in the United States since 1955 as a student attending the Art Students League at New York. Before her arrival in the United States she worked as an art consultant for a newspaper in Japan. The petitioner states that the beneficiary has exhibited her paintings at several group exhibitions over a period of the past six years and has earned between $2,000 to $3,000 from the sale of her paintings.

We have carefully reviewed the record in this case in the light of the representations made by counsel in support of the appeal. While it is clear that the beneficiary is a talented artist we cannot find that the petitioner has established an urgent need for her services. In determining whether urgent need exists a reasonable interpretation must be applied. "In the usual case, the petitioner seeks the services of the beneficiary on a full-time basis, and the beneficiary derives her livelihood from the services rendered for the petitioner" (*Matter of St. Demetrios Greek Orthodox Church*, Int. Dec. No. 1293). In this case the

beneficiary has never earned her living from the sale of her paintings nor is there any assurance that the demand for her paintings is such that she will now be able to do so. The petitioner will not subsidize the beneficiary nor is there any indication that it has invested or contemplates investing any funds in her training or in publicizing her talents. The petitioner's interest in the beneficiary seems to be based on the speculation that her paintings may become valuable and it is concluded that this is insufficient to establish an urgent need for her services. The appeal will be dismissed.

*It is ordered* that the appeal be and the same is hereby dismissed.